IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WINSTON MATTHEW GRAINGER | § | |
| #40158603 | § | |
| v. | § | C.A. NO. C-08-387 |
| | § | |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |

## ORDER OF DISMISSAL

This case was filed as a civil rights action by a federal prisoner pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  <u>See</u> 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper.  <u>Ruiz v. United States</u>, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); <u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read indulgently, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's action is dismissed because (1) he cannot demonstrate that he sustained more than a *de minimis* physical injury; (2) his claims against the federal agencies and individuals in their official capacities are barred by sovereign immunity; and (3) his claims against the individual defendants in their individual capacities fail to raise a constitutional violation.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 9), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 10); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a federal prisoner who is currently confined at the South Texas Detention Complex in Pearsall, Texas.  (D.E. 1).  He filed this lawsuit on December 10, 2008, alleging that he was illegally held in the Federal Bureau of Prisons ("BOP") custody for about 30 days past his release date, such that he is entitled to compensatory damages.  (D.E. 1).  He named as defendants: (1) the BOP; (2) the Federal Correctional Institution ("FCI") in Three Rivers, Texas; (3) Harley G. Lappin, BOP director; (4) Dan Joslin, FCI-Three Rivers warden;[1] (5) BOP Records Officer John Doe #2; and (6) Mr. Gonzalez, a BOP unit counselor.

A Spears[2] hearing was conducted on December 18, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

In 2004, plaintiff was sentenced to 77 months in the BOP, with a credit of 207 days. (D.E. 1, at 4).  His projected release date was June 26, 2009.  Id.  In 2005, plaintiff was granted a sentence reduction to 60 months.  Id.  Based on the sentence reduction, combined with available earned good time credits, plaintiff's release date was moved up to sometime between March and

---

[1] In his complaint, plaintiff referred to the head warden of FCI-Three Rivers as "Warden John Doe No. 1."  At the evidentiary hearing, Dan Joslin was identified as the correct defendant, and plaintiff orally moved to substitute Warden Joslin.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

May 1, 2008.  Id.

In January or February, 2008, plaintiff learned that his BOP records still reflected the incorrect June 26, 2009 release date.  He informed his BOP unit counselor, Mr. Gonzalez, that his release date had been moved up based on the sentence reduction, and as proof, showed him a copy of the Sixth Circuit opinion noting that his ultimate sentence was 60 months, not 77 months.  See United States v. Grainger, 239 Fed. Appx. 188 (6th Cir. 2007) (unpublished) (affirming a 60-month sentence); see also (D.E. 1, Ex. 4) (copy of opinion in which Sixth Circuit notes that plaintiff is serving a 60-month sentence).  Mr. Gonzalez checked plaintiff's BOP records and responded that the incorrect release date of June 26, 2009 was indeed still reflected.  Mr. Gonzalez forwarded plaintiff's information to the BOP record's office, but advised plaintiff that the matter was "out of his hands."

Plaintiff wrote a letter to Warden Joslin about his release date, and in April 2008, he spoke with Warden Joslin directly, who responded that he would look into the matter.  Later, an officer reported to plaintiff on behalf of Warden Joslin and told him that Warden Joslin had checked into the matter, and his release date was still noted as June 26, 2009.

As his true release date approached, plaintiff would daily stop by Mr. Gonzalez' office to see if his records had been corrected, but they had not.  Finally, plaintiff convinced Mr. Gonzalez to call the federal court directly.  On May 20, 2008, Mr. Gonzalez spoke to Paula Stout, a deputy clerk in Columbus Ohio, who confirmed plaintiff's 60-month sentence and earlier release date.  Plaintiff was released the next day.[3]

_____

[3] A claim challenging the fact or duration of confinement must be pursued in a habeas corpus proceeding, and a prisoner's suit alleging that the confinement was unconstitutional does not accrue until he can demonstrate that the challenged conviction has been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Heck applies to Bivens claims as well as § 1983

3

Plaintiff claims that defendants' failure to correct his records to reflect the proper release date caused him severe stress, anxiety, loss of sleep, weight loss, and severe hunger pains, for which he seeks compensatory damages.  He also seeks one million dollars in punitive damages.

### III.  DISCUSSION

**A.      Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Federal law provides for *sua sponte* dismissal if the Court finds that the complaint is frivolous or that it fails to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(a); 42 U.S.C. § 1997e(c)(1).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**B.      Plaintiff's Constitutional Claims.**

Plaintiff is suing two federal agencies, the BOP and FCI-Three Rivers, in addition to the four individual BOP employees, claiming that the institutions and the individuals violated his constitutional rights by detaining him in prison past his release date.

A Bivens action is the counterpart to a § 1983 civil rights action and extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors. See Carlson v. Green, 446 U.S. 14, 18 (1980).  Consequently, to state a viable Bivens claim, a plaintiff must show that a defendant has deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See id.  "[A] Bivens claim is available only against government officers in their individual capacities."  Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1294 n.12 (5th Cir. 1994).  In addition, Bivens limits recovery to intentional

---

claims.  Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (per curiam).  Based on plaintiff's allegations, his actual release on May 21, 2008 demonstrates that he was entitled to release prior to June 26, 2009, thus satisfying Heck.

4

deprivations by the federal officer.  Williamson v. U.S. Dep't of Agric., 815 F.2d 368, 381 (5th

Cir. 1987); accord Sterling v. United States, 85 F.3d 1225, 1227 (7th Cir. 1996).

       **1.**        **Plaintiff fails to establish any physical injury.**

Plaintiff maintains that he suffered anxiety, headaches, weight loss, and sleeplessness as

a result of being confined an additional 30 days and in attempting to resolve the release date

issue.

Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner for

mental or emotional injury suffered while in custody without a prior showing of physical injury."

The "physical injury" required by § 1997e(e) "must be more than de [minimis] but need not be

significant."  Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citation omitted); accord

Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003).  .

Plaintiff fails to allege a sufficient physical injury with respect to his detained

imprisonment to support a claim for monetary relief.  He complains primarily of anxiety and

stress, as well as the physical manifestations associated with emotional distress, such as loss of

appetite, headaches, and sleeplessness.  The Fifth Circuit has held that similar complaints of

sleep deprivation, headaches and weight loss amount to *de minimis* physical injuries.  See

Alexander, 351 F.3d at 631.  Additionally, other courts have determined that such complaints are

*de minimis*.  See, e.g., Todd v. Graves, 217 F. Supp.2d 958, 960 (S.D. Iowa 2002) (insomnia and

loss of appetite); Marshall v. Odom, 156 F. Supp.2d 525, 530 (D. Md. 2001) (headache).  Thus,

plaintiff's claims must be dismissed for failure to satisfy the physical injury requirement.  42

U.S.C. § 1997e(e).

Moreover, in this case, plaintiff was not detained from entering the free world, but rather,

he was not released timely to a detention center.  Although arguably the detention center is a more favorable custody status, it is not equivalent to a total release.  Thus, the fact that plaintiff spent an additional 30 days at FCI-Three Rivers instead of the detention center does not equate factually with a case of unlawful imprisonment.  Thus, the circumstances of plaintiff's detention do not support a claim for physical injuries.

      **2.**      **Sovereign immunity bars plaintiff's claims.**

Plaintiff has named the BOP and FCI-Three Rivers as defendants.  However, as agencies of the United States, his claims against the BOP and the prison itself are barred by the doctrine of sovereign immunity.  Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72 (2001); FDIC v. Meyer, 510 U.S. 471, 486 (1994) (sovereign immunity bars direct cause of action against a federal agency).  Moreover, sovereign immunity is jurisdictional in nature.  Meyer, 510 U.S. at 475.  Thus, plaintiff's claims against the BOP and FCI-Three Rivers are dismissed for lack of jurisdiction.

Similarly, to the extent plaintiff has sued the individual defendants in their official capacities, such claims are barred by sovereign immunity because these claims are, in fact, claims against the federal agencies by whom the individual defendants are employed.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985).  Thus, plaintiff's claims against the individual defendants in their official capacities are dismissed for lack of jurisdiction.

      **3.**      **Plaintiff's claims against individual defendants in their individual capacities.**

Plaintiff seeks to hold the individual federal officials liable for monetary damages.  An individual cannot be held liable in a Bivens action unless he was personally involved, or participated in the alleged unconstitutional actions.  Affiliated Prof'l Home Health Care Agency

v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999) (per curiam) (Bivens provides a cause of action

against federal agents in their individual capacities only and requires a showing of personal

involvement).

There is no doctrine of respondeat superior in Bivens actions.  Cronn v. Buffington, 150

F.3d 538, 544 (5th Cir. 1998).  As such, supervisory federal officials may be held liable only

upon two bases: personal involvement in causing the deprivation of a person's constitutional

rights, or implementation of a policy so deficient that the policy itself acts as a deprivation of

constitutional rights.  Id.

### a. Director Harley Lappin.

Plaintiff has failed to allege any facts that indicate personal involvement by Director

Lappin in the detention of plaintiff past his release date.  He testified that he named Director

Lappin as a defendant simply because he is the BOP director.  He argues that, as director, Mr.

Lappin was responsible for his well being while incarcerated, and for his "time in and time out."

However, plaintiff admitted that he has never met Mr. Lappin, nor had any contact with him

regarding his release date or any other matter.  He conceded that he was suing Mr. Lappin

because of his supervisory status over the BOP.  Moreover, plaintiff does not suggest that he was

retained in prison as the result of any policy so deficient that the policy itself acts as a

deprivation of constitutional rights.  Because neither predicate for liability is established,

plaintiff's claims against Director Lappin are dismissed.

### b. Warden Dan Joslin.

Plaintiff claims that he wrote to Warden Joslin about his release date, and then spoke to

him in April 2008.  In response, Warden Joslin assured plaintiff that he would look into the

matter.  Later, he sent an officer to tell plaintiff that his release date was set for June 26, 2009.

Although Warden Joslin failed to find the error, plaintiff fails to detail how Warden Joslin's actions caused the constitutional deprivation.  It is obvious that Warden Joslin relied on the same BOP records that Mr. Gonzalez relied on in communicating the incorrect release date.  However, it was reasonable for Warden Joslin to rely on the information provided to him by the records office.  See Farmer v. Brennan, 511 U.S. 825, 844 (1994) (no liability for prison officials who take reasonable actions "even if the harm ultimately was not averted"); Johnson v. Johnson, 385 F.3d 503, 526 (5th Cir. 2004) (given the size of certain prison operations, it is not unreasonable for supervisory officials to discharge their duties by referring matters to others).  Indeed, it would be inefficient for Warden Joslin to personally investigate every time credit dispute brought to his attention.  He discharged his duty to plaintiff by checking with the records office as he promised.  Thus, plaintiff's claims against Warden Joslin are dismissed.

### c.    Records Officer John Doe No. 2.

Plaintiff maintains that an unidentified records officer failed to update his records after his sentence reduction, thus causing the incorrect sentence release date to be retained on his records and continually repeated and relied on to his detriment.  Despite this allegation, plaintiff fails to establish that any single individual was solely responsible for maintaining his records properly.  In addition, even if plaintiff could identify one records officer and establish that this individual failed to perform his or her job properly, he does attribute any malice or motive to suggest that the officer knowingly attempted to violate his constitutional rights by keeping him in prison longer.  See Williamson, 815 F.2d at 381 (Bivens limits recovery to *intentional* deprivations); Sterling, 85 F.3d at 1227 (same).  At most, plaintiff's allegations against the

records officer amount to negligence, which is not actionable under <u>Bivens</u>.[4]  <u>Malesko</u>, 534 U.S. at 69-70 (purpose of <u>Bivens</u> is to deter federal agents from *unconstitutional* conduct); <u>Abate v. Southern Pac. Transp. Co.</u>, 993 F.2d 107, 110 (5th Cir. 1993) (negligent conduct does not give rise to a <u>Bivens</u> claim).  Thus, plaintiff's claim against Records Officer John Doe No. 2 is dismissed.

### d.    Mr. Gonzalez.

Plaintiff argues that Mr. Gonzalez caused him to remain detained at FCI-Three Rivers beyond his 60-month sentence in violation of his constitutional rights.  Plaintiff was forced to repeatedly ask Mr. Gonzalez about his release date, and finally, upon plaintiff's urging, he telephoned and verified with Paula Stout that plaintiff was indeed entitled to release.  However, despite the frustration that Mr. Gonzalez caused him, plaintiff fails to articulate a constitutional violation.  At most, plaintiff has established that Mr. Gonzalez failed to perform his job properly, a claim sounding in negligence, and therefore, not actionable in a <u>Bivens</u> action.  <u>Abate</u>, 993 F.2d at 110.  Thus, plaintiff's claims against Mr. Gonzalez are dismissed.

## IV.  CONCLUSION

Plaintiff fails to establish that any defendants' conduct caused him to suffer more than a *de minimis* physical injury, such that his claims are barred by 42 U.S.C. § 1997e(e).  In addition, his claims against the BOP and FCI-Three Rivers, as well as the individual employees in their official capacities, are barred by sovereign immunity, and as such, are dismissed for lack of jurisdiction.

---

[4] No finding is made as to the viability of plaintiff's claims under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671, <u>et seq.</u>  The FTCA is a limited waiver of sovereign immunity which permits suits against the federal government for the negligence of its employees, subject to exhaustion of administrative remedies.  <u>See</u> <u>Richards v. United States</u>, 369 U.S. 1, 6 (1962).

Moreover, even if plaintiff could establish more than a *de minimis* physical injury, he fails to establish personal involvement against Director Harley Lappin, and there is no respondeat superior liability to sustain his claim against Warden Dan Joslin.  Finally, as to his claims against Records Officer John Doe No. 2 and Mr. Gonzalez, his allegations amount to no more than negligence, which is not actionable.  For these reasons, plaintiff's claims are dismissed with prejudice.

ORDERED this 6th day of January 2009.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE